<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DION MOORE | No. 19cr405 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Defendant Dion Moore pled guilty to possession of firearms as a convicted felon, possession with intent to distribute heroin and cocaine, and possession of two firearms in furtherance of a drug trafficking crime. D.E.s 24 ("Plea Agreement"), 29 ("Judgment"). On May 12, 2020, Moore was sentenced to 152 months' imprisonment, to be followed by three years' supervised release. Judgment. Moore now moves to reduce his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). D.E. 36 ("Mot." or "Motion"). The Court decides the Motion without oral argument. L. Crim. R. 1.1 (incorporating by reference L. Civ. R. 78.1(b)). Having considered the Motion and all related items on the docket, and for the reasons set forth below, the Court will **DENY** Moore's Motion.

I.     **BACKGROUND**

A.     **Factual Background**

During a Passaic County Sheriff's Department's Bureau of Narcotics ("PCSD") surveillance operation on September 7, 2018, PCSD observed Moore reach between the front seats of a minivan to retrieve something and hand it to a driver of a pickup truck in exchange for what appeared to be U.S. currency. PSR ¶¶ 12, 14.[1] Officers stopped the driver of the pickup truck for

---

[1] "PSR" refers to the Final Presentence Investigation Report prepared in this case by the U.S. Probation Office, which was submitted to the Court on March 10, 2020. Moore resolved "a couple

further investigation, during which the driver turned over two small bags of cocaine, which he had purchased from Moore minutes earlier. *Id.* ¶ 13.

While questioning the driver, PCSD continued to surveil Moore, who was observed returning to the minivan and retrieving an item that PCSD recognized as a brick of heroin. *Id.* ¶ 14. Moore then threw the brick to a woman across the street who picked it up and walked away. *Id.*

After questioning the driver of the pickup truck, PCSD arrested Moore for selling crack-cocaine to the driver. *Id.* ¶ 15. PCSD searched Moore and discovered $926 and the key to the minivan in his pocket. *Id.* Standing outside the minivan, PCSD observed heroin packaged for distribution lying on the floor between the two front seats. *Id.* ¶ 16. Using the keys seized from Moore, PCSD then entered the minivan, searched the interior, and seized the following items of evidence:

- 18 bricks of heroin;
- 2 small bundles of heroin;
- 43 zip-lock baggies of crack-cocaine;
- 54 vials of cocaine;
- A Glock Model 23 .40 caliber handgun, bearing serial number EGD-733, loaded with ten rounds of ammunition;
- A Colt .25 caliber handgun, bearing serial number 198474, loaded with six rounds of ammunition;
- A small quantity of marijuana; and
- Several empty ziplock bags.

*Id.* ¶¶ 16-17. Prior to September 7, 2018, Moore had been convicted of several felonies in the New Jersey Superior Court and was prohibited from possessing a firearm. *Id.* ¶ 19.

---

of minor objections" to the PSR, unrelated to these facts, prior to sentencing. D.E. 30 ("Sentencing") at 5:4-7.

B.     **Procedural Background**

On November 14, 2018, a federal criminal complaint charged Moore with possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count I); possession with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count II); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III).  D.E. 1.  On June 5, 2019, a federal grand jury returned a four-count indictment charging Moore with the same crimes, except splitting the possession with intent to distribute crack cocaine and heroin charge into two separate counts—one for cocaine and one for heroin.  D.E. 14.

On November 20, 2019, Moore signed a Plea Agreement whereby he agreed to plead guilty to a three-count Superseding Information charging him with possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count I); possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count II); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III).  Plea Agreement.  In the Plea Agreement, the parties agreed to a stipulated sentencing range of 12 to 14 years' (144 to 168 months') imprisonment to be followed by at least three years of supervised release.  *Id.* at 4.  On December 18, 2019, Moore entered a guilty plea to the three-count Superseding Information under the Plea Agreement.  D.E. 22.

On May 12, 2020, the Court accepted the Plea Agreement and sentenced Moore to 92 months' imprisonment for each of Counts I and II, to run concurrently, and 60 months on Count III, to run consecutively, for a total of 152 months' imprisonment, to be followed by three years' supervised release.  Judgment at 1-2.  The sentence of 152 months' imprisonment was within the Plea Agreement's stipulated 12 to 14-year sentencing range and significantly lower than the post-

plea Guidelines range of 262 to 327 months, which contemplated Moore's career offender status under U.S.S.G. § 4B1.1.  PSR ¶¶ 96-97.

Moore is currently serving his sentence with a projected release date of June 24, 2029 (including good conduct time).  D.E. 45 ("Opp'n") Ex. A, Moore's BOP Sentence Computation (not publicly filed).  Moore's home detention eligibility date is December 24, 2028.  *Id.*  As of June 20, 2024, Moore has served approximately 70 months in prison, and, with accrued credit for good conduct time of approximately 23 months, has served a total of approximately 93 months' imprisonment on his 152-month sentence.  *Id.*

On April 22, 2021, Moore filed a collateral attack on his sentence under 28 U.S.C. 2255, which is currently pending before the Honorable Michael E. Farbiarz, U.S.D.J.  *See Moore v. United States*, No. 21-cv-10035 (D.N.J. 2021) at D.E.s 12, 14, 19, 20.  On June 13, 2023, Moore filed his Motion before this Court for a reduction in sentence under Section 3582(c)(1)(A).  Mot.  The Government opposes.  Opp'n.  Moore does not reply.

## II.      LEGAL STANDARD AND ANALYSIS

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides that a sentencing court,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction

18 U.S.C. § 3582(c)(1)(A); *see United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (finding that Section 3582's text requires compassionate-release motions to be addressed to the sentencing court). The defendant "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

A. **Moore Has Not Established That He Exhausted His Administrative Remedies**

Where, as Moore has done here, a defendant submits a motion directly to the Court under Section 3582(c)(1)(A), he must first have exhausted any available administrative remedies. *See Raia*, 954 F.3d at 597. Those remedies include, at minimum, asking the Bureau of Prisons ("BOP") to make a motion on the defendant's behalf, allowing the BOP 30 days to respond, and exhausting any available administrative appeals. *See id.* at 595-97. Only 30 days after submitting such a request to the BOP, or after receiving an adverse decision, whichever is earlier, may a defendant move the court for a reduction in sentence under Section 3582(c)(1)(A). *See id.* at 595 n.1 (citing Section 3582(c)(1)(A)).

Moore states in his Motion that he "satisfied the statutory exhaustion requirement by submitting a request to the warden" over 30 days before submitting the Motion. Mot. at 1. However, Moore submits no evidence that such a request was made. Although it is not the Government's burden to show otherwise, the Government represents that, after a review of its records, the "BOP has not identified any record of Moore having filed any request for compassionate release with the warden at FCI Allenwood" (the facility where Moore is currently serving his sentence). Opp'n at 9.

Because Moore has not established that he exhausted his administrative remedies, the Court must deny his motion on that basis alone. *See, e.g., United States v. DeSciscio*, Crim. No. 88-239,

2023 WL 8878128, at *1-2 (D.N.J. Dec. 22, 2023) ("Because the Defendant has not exhausted his administrative remedies nor has he submitted proof that he has exhausted his administrative remedies before filing the instant motion, his motion is denied."); *United States v. Clack*, Crim. No. 18-66, 2023 WL 6366042, at *3-4 (D.N.J. Sept. 28, 2023) ("Because [the Defendant] has not demonstrated that he has exhausted the administrative remedies available with the BOP, the Court must deny the Petition.").

> B. **Moore Has Not Shown Extraordinary and Compelling Reasons Warranting a Sentence Reduction**

Even if Moore had exhausted his administrative remedies, his Motion would still be denied because he has not shown "extraordinary and compelling reasons" warranting a sentence reduction.

If a defendant exhausts his administrative remedies, he must then show that "'(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction.'" *United States v. Perez*, Crim. No. 02-684-1, 2022 WL 17129192, at *1 (D.N.J. Nov. 21, 2022) (quoting *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022)).

"'Extraordinary and compelling reasons' are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* at *2 (quoting 28 U.S.C. § 994(t)). The Commission provided the following definition for "extraordinary and compelling reasons":

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which 'substantially diminish' the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over

>65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)-(C). Although courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons," courts may still consider the definition as a "guide" to "shed[] light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022).

Moore first argues that the Sentencing Commission could not have factored in the "greatly multiplied punitive severity" caused by the COVID-19 pandemic such as "risk of death or severe ill[]ness, ps[y]chological issues created by pro[]longed lock downs, [and] continuous fear of health and life." Mot. at 2. However, this argument ignores the fact that (1) Moore's sentence of 152 months' imprisonment was within the stipulated sentencing range of 12-14 years contained in his Plea Agreement and *significantly lower* than the Guidelines range of 262 to 327 months, PSR ¶¶ 96-97; (2) Moore's sentencing took place on May 12, 2020, during the height of the pandemic, which the sentencing judge was well aware of when imposing the below-guidelines sentence; and (3) Moore himself states, inconsistently, that he does not "file this motion under medical or COVID-19 circumstances giving (sic) these issues are long behind the courts." Mot. at 5.

Moreover, the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner." *United States v. Roeder*, 807 F. App'x. 157, 161 n.16 (3d Cir. 2020). Therefore, "a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F. Supp.

7

3d. 585, 596-97 (W.D. Pa. 2020). Moore has not shown any basis why COVID-19 constitutes extraordinary and compelling reasons meriting a reduction in *his* sentence.

Moore's second argument is that he has already served five years of his over 12-year sentence and has remained "incident free" and has "participated in all programs that were available to him." Mot. at 5. However, Congress has made clear that "'[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Perez*, 2022 WL 17129192, at *2 (quoting 28 U.S.C. § 994(t)). Therefore, Moore's good behavior is not a basis for a reduction in sentence under Section 3582(c)(1)(A). *See United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

Moore's third argument relates to the sentencing court's comment, "that this van [which contained the guns and drugs] was, like, the store [Moore] worked in as a salesman," Mot. at 7 (citing Sentencing at 13:23-25). It is unclear what significance this comment has to Moore's Motion. However, to the extent Moore attacks the basis for his conviction, Section 3582(c)(1)(A) is not the proper avenue to do so. The Court notes that Moore has already filed a collateral attack on his conviction pursuant to Section 2255 in which his arguments to vacate his sentence will be heard and decided separate and apart from the Motion before this Court. *See Moore v. United States*, No. 21-cv-10035 (D.N.J. 2021).[2] In any event, the Court does not view the sentencing court's comment as impacting the basis for Moore's conviction.

Finally, Moore argues that his sentence on Count III of the Superseding Information, charging him with possession of firearms in furtherance of a drug trafficking crime, in violation of

---

[2] Nothing in this Memorandum Order is intended to address or impact Moore's Section 2255 collateral attack on his sentence currently pending before Judge Farbiarz.

18 U.S.C. § 924(c)(1)(A)(i), was "over kill" and "not legally permissible." Mot. at 7. The Court finds that this is not an extraordinary and compelling reason to overturn Moore's sentence.

Moore pled guilty to Count III, a lawful charge under Title 18 of the United States Code. Judgment. "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *Andrews*, 12 F.4th at 260-61. "Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence." *Id.* at 261 (cleaned up). Count III carries with it a five-year statutory minimum term of imprisonment. § 924(c)(1)(A)(i). Moore was sentenced to the five-year statutory minimum on Count III. Judgment. Therefore, the appropriate minimum sentence does not qualify as an "extraordinary or compelling reason" to reduce his sentence.

At bottom, Moore has not set forth any circumstances that the Court, guided by the Sentencing Commission, finds "extraordinary and compelling" within the meaning of Section 3582(c)(1)(A).[3]

---

[3] Because the Court finds that "extraordinary and compelling" reasons are not present here, it need not weigh the sentencing factors set forth in Section 3553(a). *See McNair*, 481 F. Supp. 3d at 370 n.8. In any event, in light of the significantly lower sentence Moore received as compared to the Guidelines range that would be in effect, it is likely that the Section 3553(a) factors would weigh heavily against compassionate release at this time.

## III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **2<u>nd</u>** day of **<u>October</u>** 2024,

**ORDERED** that Defendant's Motion, D.E. 36, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Defendant.

Dated: October 2, 2024

_____
Evelyn Padin, U.S.D.J.